IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| BRIAN MORRIS<br><br>Plaintiff,<br><br>v.<br><br>316 TOWING & ROAD SERVICE, INC., and MAKSIM LISOVSKIY<br><br>Defendants. | Civil Action File No: 2:23-CV-00143-RWS<br><br>**JURY TRIAL DEMANDED** |

### DEFENDANTS' FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

COME NOW Defendants 316 TOWING & Road Service INC ("316 Towing") and Maksim Lisovskiy ("Lisovskiy") (collectively, the "Defendants"), by and through their counsel of record and file this the Defendants' First Amended Answer and Affirmative Defenses ("Defendants' First Amended Answer") to Plaintiff Brian Morris' Complaint ("Plaintiff's Complaint") as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint should be dismissed because Plaintiff fails to state a cause of action for which relief can be granted that provides for compensatory,

consequential or liquidated damages, or any other damages, costs or fees allowed by the Fair Labor Standards Act, 29 U.S.C.A. §§ 201, *et seq*. (the "F.L.S.A.").

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint should be dismissed because Plaintiff's claims, if any, are barred by the doctrines of estoppel and waiver.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint should be dismissed because Plaintiff's claims, if any, are barred by the doctrines of payment and release.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint should be dismissed because Plaintiff's claims, if any, are barred for failure to satisfy all conditions precedent.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint should be dismissed because Plaintiff's claims, if any, are barred wholly or partly, by the statute of limitations, including without limitation 29 U.S.C.A. § 255.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint should be dismissed because Plaintiff's claims, if any, are barred by the doctrine of accord and satisfaction.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint should be dismissed because Plaintiff was not an employee of 316 Towing for the purposes of Plaintiff's claims brought under the F.L.S.A.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint should be dismissed because Plaintiff's claims are subject to a mandatory arbitration provision found within an Independent Contractor and Lease Agreement between 316 Towing and Plaintiff, which provides in relevant part that ". . . any dispute concerning the terms of this Agreement will be submitted to mediation followed by binding arbitration before a tribunal convened under the rules of the American Arbitration Association at Atlanta, GA."

## NINTH AFFIRMATIVE DEFENSE

With respect to some or all claims brought or allegedly brought by the Plaintiff, Defendants affirmatively pleads that any acts or omissions which may be found to be in violation of the rights afforded by the F.L.S.A. were not willful but occurred in good faith with reasonable grounds for believing that it was in full compliance with the F.L.S.A.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff may not recover liquidated damages, because: (1) 316 Towing and all of its officers, directors, managers, or agents acted at all times in good faith and did not commit any willful violation of any of the F.L.S.A.; (2) 316 Towing (including its officers, directors, managers, and agents) did not authorize or ratify any such willful violation with respect to the Plaintiff; and (3) the Plaintiff has failed to plead facts sufficient to support recovery of such damages.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to relief under the FLSA because, to the extent that Plaintiff could be considered an "employee" of 316 Towing, Plaintiff has been paid all sums legally due under the F.L.S.A.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred to the extent that the Plaintiff lacks standing to raise some or all of the claims.

## THIRTEENTH AFFIRMATIVE DEFENSE

As an alternative affirmative defense, and to the extent that Plaintiff or Defendants were engaged in interstate commerce, Plaintiff's Complaint should be dismissed because Defendant 316 Towing is a motor carrier within the meaning of 49 U.S.C. § 31502(b), and falls within the Motor Carrier Exemption ("MCA

Exemption") to the F.L.S.A.'s maximum hours requirements, 29 U.S.C. § 213(b)(1). To the extent that Plaintiff may be considered an "employee," he is similarly exempt from the F.LS.A.'s maximum hours requirements under the MCA Exemption.

## SPECIFIC RESPONSES TO PLAINTIFF'S ALLEGATIONS

Defendants answer the numbered paragraphs of Plaintiff's Complaint as follows:

1. Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 1 of Plaintiff's Complaint and therefore deny them.

2. Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 2 of Plaintiff's Complaint and therefore deny them.

3. Defendants admit the allegations in Paragraph 3 of Plaintiff's Complaint.

4. Defendants deny the allegations in Paragraph 4 of Plaintiff's Complaint.

5. Defendants are without sufficient knowledge or information to admit or deny the allegations within Paragraph 5 of Plaintiff's Complaint and therefore deny them.

6. Defendants admit the allegations within Paragraph 6 of Plaintiff's Complaint except for the incorrect punctuation applied to the name of Defendant 316 TOWING & Road Service INC.

7. Defendants admit the allegations within Paragraph 7 of Plaintiff's Complaint.

8. Defendants admit the allegations within Paragraph 8 of Plaintiff's Complaint.

9. Defendants deny the allegations within Paragraph 9 of Plaintiff's Complaint.

10. Defendants admit that Defendant Lisovskiy is a titular officer and an owner of 316 Towing. Defendants otherwise deny the remainder of the allegations within Paragraph 10 of Plaintiff's Complaint.

11. Defendants deny the allegations within Paragraph 11 of Plaintiff's Complaint.

12. Defendants deny the allegations within Paragraph 12 of Plaintiff's Complaint.

13. Defendants deny the allegations within Paragraph 13 of Plaintiff's Complaint.

14. Defendants deny the allegations within Paragraph 14 of Plaintiff's Complaint.

15. Defendants deny the allegations within Paragraph 15 of Plaintiff's Complaint.

16. Defendants deny the allegations within Paragraph 16 of Plaintiff's Complaint.

17. Defendants deny the allegations within Paragraph 17 of Plaintiff's Complaint.

18. Defendants deny the allegations within Paragraph 18 of Plaintiff's Complaint as stated.

19. Defendants deny the allegations within Paragraph 19 of Plaintiff's Complaint.

20. Defendants deny the allegations within Paragraph 20 of Plaintiff's Complaint.

21. Defendants admit that 316 Towing engaged Plaintiff as an independent contractor to provide roadside assistance and short-haul intrastate towing for 316 Towing's customers. Defendants otherwise deny the remainder of the allegations within Paragraph 21 of Plaintiff's Complaint.

22. Defendants admit that Plaintiff was engaged by 316 Towing as an independent contractor. Defendants otherwise deny the remainder of the allegations within Paragraph 22 of Plaintiff's Complaint.

23. Defendants deny the allegations within Paragraph 23 of Plaintiff's Complaint.

24. Defendants deny the allegations within Paragraph 24 of Plaintiff's Complaint.

25. Defendants deny the allegations within Paragraph 25 of Plaintiff's Complaint.

26. Defendants admit the allegations within Paragraph 26 of Plaintiff's Complaint.

27. Defendants admit the allegations within Paragraph 27 of Plaintiff's Complaint.

28. Defendants deny the allegations within Paragraph 28 of Plaintiff's Complaint as stated.

29. Defendants deny the allegations within Paragraph 29 of Plaintiff's Complaint as stated.

30. Defendants deny the allegations within Paragraph 30 of Plaintiff's Complaint.

31. Defendants deny the allegations within Paragraph 31 of Plaintiff's Complaint.

32. Defendants deny the allegations within Paragraph 32 of Plaintiff's Complaint.

33. Defendants deny the allegations within Paragraph 33 of Plaintiff's Complaint.

34. Defendants deny the allegations within Paragraph 34 of Plaintiff's Complaint.

35. Defendants deny the allegations within Paragraph 35 of Plaintiff's Complaint.

36. Defendants deny the allegations within Paragraph 36 of Plaintiff's Complaint.

37. Defendants deny the allegations within Paragraph 37 of Plaintiff's Complaint.

38. Defendants deny the allegations within Paragraph 38 of Plaintiff's Complaint.

39. Defendants deny the allegations within Paragraph 39 of Plaintiff's Complaint.

40. Defendants deny the allegations within Paragraph 40 of Plaintiff's Complaint.

41. Defendants deny the allegations within Paragraph 41 of Plaintiff's Complaint.

42. Defendants admit only that 316 Towing paid Plaintiff on a weekly basis following receipt of Plaintiff's invoice. Defendants otherwise deny the remainder of the allegations within Paragraph 42 of Plaintiff's Complaint.

43. Defendants deny the allegations within Paragraph 43 of Plaintiff's Complaint.

44. Defendants deny the allegations within Paragraph 44 of Plaintiff's Complaint.

45. Defendants deny the allegations within Paragraph 45 of Plaintiff's Complaint.

46. Defendants deny the allegations within Paragraph 46 of Plaintiff's Complaint.

47. Defendants deny the allegations within Paragraph 47 of Plaintiff's Complaint.

48. Defendants deny the allegations within Paragraph 48 of Plaintiff's Complaint.

49. Defendants deny the allegations within Paragraph 49 of Plaintiff's Complaint.

50. Defendants deny the allegations within Paragraph 50 of Plaintiff's Complaint.

51. Defendants are without sufficient knowledge or information to admit or deny the allegations with Paragraph 51 of Plaintiff's Complaint and therefore deny them.

52. Defendants deny the allegations within Paragraph 52 of Plaintiff's Complaint.

53. Defendants are without sufficient knowledge or information to admit or deny the allegations with Paragraph 53 of Plaintiff's Complaint and therefore deny them.

54. Defendants deny the allegations within Paragraph 54 of Plaintiff's Complaint.

55. Defendants deny the allegations within Paragraph 55 of Plaintiff's Complaint.

56. Defendants deny the allegations within Paragraph 56 of Plaintiff's Complaint.

In response to the sentence beginning with the word "WHEREFORE" following Paragraph 56, Defendants deny that the Plaintiff is entitled to any of the requested relief sought therein. Any allegations and/or inferences contained in Plaintiff's Complaint not specifically admitted are hereby denied.

**WHEREFORE**, having answered fully, Defendants pray that:

(a) a trial by jury on all issues so triable, by the maximum number of jurors permitted by law;

(b) the Plaintiff's Complaint be dismissed with prejudice;

(c) judgment be entered in favor of the Defendants;

(d) the taxable costs of this action be assessed against Plaintiff;

(e) Defendants be awarded all of their reasonable attorney's fees and expenses incurred in this action; and

(f) the Court grant such other relief as deemed just.

Respectfully submitted this 26th day of September 2023.

MITCHELL - HANDSCHUH  
LAW GROUP  
3390 Peachtree Road, NE, Suite 520  
Atlanta, Georgia 30326  
T: (404) 262 - 9488  
F: (404) 231 - 3774  
E: jeremy@m-hlawgroup.com  
E: amanda@m-hlawgroup.com  

/s/Jeremy R. Handschuh  
Jeremy R. Handschuh, Esq.  
Georgia Bar No. 418099  
Amanda I. Elliott, Esq.  
Georgia Bar No. 137633  
*Counsel for Defendants*

*Counsel for Defendants certify that this document complies with N.D.Ga. L.R. 5.1B and the N.D.Ga. Standing Order No. 04-01.*

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## GAINESVILLE DIVISION

| | |
|---|---|
| BRIAN MORRIS ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action File No: 2:23-CV-00143-RWS |
| ) | |
| 316 TOWING & ROAD SERVICE, ) | **JURY TRIAL DEMANDED** |
| INC., and MAKSIM LISOVSKIY ) | |
| ) | |
| Defendants. ) | |

## **CERTIFICATE OF SERVICE**

Pursuant to Local Rule 5.4, I hereby certify that on this day, Tuesday, September 26, 2023, I have caused to serve true and correct copies of the documents listed below:

1. DEFENDANTS' FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT; and

2. this CERTIFICATE OF SERVICE;

with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Matthew W. Herrington, Esq.
DELONG, CALDWELL, BRIDGERS FITZPATRICK & BENJAMIN, LLC
Matthew.herrington@dcbflegal.com
*Local Counsel for Plaintiff*

Sean Short, Esq.
SANFORD LAW FIRM, PLLC
sean@sanfordlawfirm.com
*Lead Counsel for Plaintiff*

Respectfully submitted this 26th day of September 2023.

| | |
|---|---|
| MITCHELL - HANDSCHUH LAW GROUP<br>3390 Peachtree Road, NE, Suite 520<br>Atlanta, Georgia 30326<br>T: (404) 262 - 9488<br>F: (404) 231 - 3774<br>E: jeremy@m-hlawgroup.com<br>E: amanda@m-hlawgroup.com | /s/ Jeremy R. Handschuh<br>Jeremy R. Handschuh, Esq.<br>Georgia Bar No. 418099<br>Amanda I. Elliott, Esq.<br>Georgia Bar No. 137633<br>*Counsel for Defendants* |

*Counsel for Defendants certify that this document complies with N.D.Ga. L.R. 5.1B and the N.D.Ga. Standing Order No. 04-01.*