# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## GAINESVILLE DIVISION

| | |
|---|---|
| BRIAN MORRIS )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>316 TOWING & ROAD SERVICE, )<br>INC., and MAKSIM LISOVSKIY )<br>)<br>Defendants. ) | Civil Action File No: 2:23-CV-00143-SCJ<br><br>**JURY TRIAL DEMANDED** |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

**1.   Description of Case:**

**(a)   Describe briefly the nature of this action.**

<u>As for Plaintiff</u>: This is an action brought by Plaintiff against Defendants for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendants' failure to pay proper overtime compensation under the FLSA.

<u>As for Defendants</u>:  Plaintiff Brian Morris  ("Plaintiff") alleges claims under federal law against Defendant 316 Towing & Road Service, Inc. ("Defendant 316 Towing") and Defendant Maksim Lisovskiy ("Defendant Lisovskiy") (collectively,

the "Defendants") for certain alleged unpaid wages arising from towing services performed by Plaintiff.

**(b)    Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

<u>As for Plaintiff</u>: Defendants employed Plaintiff beginning on or around June 25, 2020, as a Driver. Plaintiff was classified as an independent contractor and exempt from the overtime requirements of the FLSA; Defendants paid Plaintiff a salary at a set weekly rate. Defendants knew that Plaintiff was acting as an employee, rather than as an independent contractor, and treated his as an employee. Plaintiff is entitled to wages and compensation based on the standard minimum wage for all hours worked and 1.5x his regular hourly rate for hours worked over 40 each week. Defendant knew or showed reckless disregard for whether the way they paid Plaintiff violated the FLSA.

<u>As for Defendants:</u>  Plaintiff alleges that Defendants failed to pay Plaintiff wages in conformity with the Fair Labor Standards Act, 29 U.S.C.A. §§ 201, et seq. (the "F.L.S.A."). Defendants deny the allegations and assert that they have fully satisfied any and all amounts due to Plaintiff.  Plaintiff and Defendant 316 Towing entered into a services agreement governing their relationship wherein the parties acknowledge Plaintiff's independent contractor status and mandatory arbitration for

any claims seeking to enforce the terms of that agreement.

Defendant is a motor carrier whose employees are subject to the jurisdiction of the Secretary of Transportation. Defendant and its employees are exempt under the Motor Carrier ("M.C.A.") exemption to the overtime provisions of the F.L.S.A., 29 U.S.C.A. 213(b)(1). Similarly, Plaintiff is also exempt under the M.C.A. exemption. Alternatively, to the extent that Defendant 316 or Plaintiff were not engaged in interstate commerce, Defendant 316 Towing is not a covered entity and Plaintiff was not a covered employee under the F.L.S.A. Further, Defendant 316 Towing did not gross more than $500,000.00 in any year that Plaintiff performed work.

Plaintiff filed his Complaint against Defendants more than two (2) years after his last day of work for Defendant 316 Towing. Plaintiff also failed to work in excess of 40 hours per week during any week that he performed work for Defendant 316 Towing. Moreover, Defendants acted in good faith with reasonable grounds for believing they were in full compliance with any obligations under the F.L.S.A.

**(c)  The legal issues to be tried are as follows:**

<u>As for Plaintiff</u>: (1) Whether Defendants misclassified Plaintiff as exempt from the overtime provisions of the FLSA; (2) Whether Defendants acted willfully to extend the FLSA limitations period to three years; (3) Whether Defendants can

prove that violations of the FLSA, if any, were made in good faith so as to avoid the award of liquidated damages; (4) Whether Plaintiff's claims are barred by the various defenses set forth in Defendants' answer or motion to dismiss; and (5) What are the damages, if any, due the Plaintiff in the event of a finding any such damages are due, and if so, the types and amounts of those damages.

<u>As for Defendants</u>:

1) Whether Plaintiff was an employee of Defendant 316 Towing for the purpose of Plaintiff's F.L.S.A. claims;

2) Whether Defendant 316 Towing is a covered entity under the F.L.S.A;

3) Whether Plaintiff was a covered employee under the F.L.S.A.;

4) Whether Defendant 316 Towing was exempt from the overtime provisions of the F.L.S.A.;

5) Whether Plaintiff was exempt from the overtime provisions of the F.L.S.A.;

6) Whether Defendants committed any willful violation of the F.L.S.A;

7) Whether Plaintiff's claims are subject to mandatory mediation and arbitration per the agreement between the Plaintiff and Defendant 316 Towing;

8) Whether Plaintiff worked more than 40 hours per week;

9) Whether Plaintiff's claims are barred in whole or in part by the statute of limitations;

10) Whether Defendants have adequately compensated Plaintiff for work performed;

11) Whether Plaintiff should be awarded liquidated damages, and if so, the amount of damages to be awarded;

12) Whether Plaintiff may recover any additional damages as a matter of applicable federal or state law.

**(d)** **The cases listed below (include both style and action number) are**:

**(1) Pending Related Cases**:

*Dustin Hyde, et al. v. 316 Towing & Road Service, Inc., et al.*, Civil Action File No. 2:22-CV-103-RWS, pending in the Northern District of Georgia, Gainesville Division.

**(2) Previously Adjudicated Related Cases**:

None.

**2.  This case is complex because it possesses one or more of the features listed below (please check):**

    \_\_\_\_\_    **(1)  Unusually large number of parties**

    \_\_\_\_\_    **(2)  Unusually large number of claims or defenses**

    \_\_\_\_\_    **(3)  Factual issues are exceptionally complex**

    \_\_\_\_\_    **(4)  Greater than normal volume of evidence**

    \_\_\_\_\_    **(5)  Extended discovery period is needed**

    \_\_\_\_\_    **(6)  Problems locating or preserving evidence**

    \_\_\_\_\_    **(7)  Pending parallel investigations or action by government**

    \_\_\_\_\_    **(8)  Multiple use of experts**

    \_\_\_\_\_    **(9)  Need for discovery outside United States boundaries**

    \_\_\_\_\_    **(10)  Existence of highly technical issues and proof**

    \_\_\_\_\_    **(11)  Unusually complex discovery of electronically stored information**

3. **Counsel:**

The following individually named attorneys are hereby designated as lead counsel for the parties:

<u>Plaintiff</u>: Sean Short

<u>Defendants</u>: Jeremy R. Handschuh

4. **Jurisdiction:**

Is there any question regarding this Court's jurisdiction?

____Yes         __X__No

If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

**5.    Parties to This Action:**

**(a)    The following persons are necessary parties who have not been joined:**

As for Plaintiff: None applicable at this time but subject to the completion of discovery.

As for Defendants:  None applicable at this time but subject to the completion of discovery.

**(b)    The following persons are improperly joined as parties**:

None at this time.

**(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted**:

None at this time.

**(d)  The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name**.

**6.     Amendments to the Pleadings:**

**Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.**

**(a) List separately any amendments to the pleadings that the parties anticipate will be necessary:**

The parties do not expect to amend pleadings. However, the parties reserve the right to seek leave to amend the pleadings, pursuant to Fed. R. Civ. P. 15.

**(b)  Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.**

**7.     Filing Times For Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

**All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).**

(a) *Motions to Compel*: **before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.**

(b) *Summary Judgment Motions:* **within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.**

(c) *Other Limited Motions*: **Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.**

(d) *Motions Objecting to Expert Testimony:* **<u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.**

8. **Initial Disclosures:**

**The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P.26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).**

9. **Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

Parties do not request a scheduling conference with the Court.

10. **Discovery Period:**

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

<u>As for Plaintiff</u>: (1) All of the elements of Plaintiff's claims and Defendants' defenses to those claims; (2) Issues related to willfulness/intent; and (3) Damages.

<ins>As for Defendants</ins>:  In addition to the issues set forth by Plaintiff, Defendants anticipate discovery related to the following:

1. Factual Events;

2. Liability and Legal Contentions;

3. Damages; and

4. Attorney's Fees; Court Costs and Expenses

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below**:

<ins>N/A</ins>

**11. Discovery Limitation and Discovery of Electronically Stored Information:**

**(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?**

Pursuant to Fed. R. Civ. P. 5(b)(2)(E), the parties consent to the electronic service of all documents that require service on an opposing party, including but not limited to Initial Disclosures, Interrogatories, Requests for Production of

Documents, Requests for Admissions, and Notices of Deposition, as well as Responses to Interrogatories, Requests for Production of Documents, and Requests for Admission, at the primary e-mail address at which each attorney of record receives ECF filings in this case and to Plaintiff(s) at discovery@sanfordlawfirm.com. The parties agree that discovery may be signed by e-signature rather than by hand. The parties agree to produce and deliver electronic copies of any documents which would ordinarily be produced subject to Federal Rules of Civil Procedure 26 or 34.

**(b)  Is any party seeking discovery of electronically stored information?**

___X___ Yes       _____ No

**If "yes,"**

**(1)   The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:**

The parties have discussed these issues and anticipate negotiating reasonable limitations to ESI such as search terms, date limitations as well as key witnesses at the appropriate time.

**(2)    The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:**

If the data is ordinarily maintained in paper format, the parties agree to produce the data in electronic format in consecutively paginated bates numbers. The parties agree to produce ESI in electronic format such as PDF, except for spreadsheets, which should be produced in native format such as XLS or .csv files. However, the parties reserve the right to request documents be produced in a different format if the need arises, and the parties will meet and confer regarding the format for the production of specific documents should the need arise. Any electronically stored information which cannot be sent via email should be on disk or an agreed-upon secure internet method. In the absence of agreement on issues regarding discovery of electronically stored information, the parties reserve the right to request a scheduling conference in accordance with paragraph 9 hereof and the Court's Instructions filed in this action.

**12.    Other Orders:**

**What other orders do the parties think that the Court should enter**

under Rule 26(c) or under Rule 16(b) and (c)?

As for Plaintiff:  None known at this time.

As for Defendants:  The parties may need a confidentiality order for purposes of exchanging confidential and personally-sensitive financial information.

**13. Settlement Potential:**

**(a)    Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on October 4, 2023, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.**

For As for Plaintiff: Lead counsel (signature):  /s/ Sean Short

    Other participants:

For As for Defendants:  Lead counsel (signature):  /s/ Jeremy R. Handschuh

    Other participants: Amanda I. Elliott

**(b)    All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:**

(__X__) A possibility of settlement before discovery.

(_____) A possibility of settlement after discovery.

(_____) A possibility of settlement, but a conference with the

judge is needed.

(_____) No possibility of settlement.

(c)     Counsel (__) do or (X) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is <u>Monday, February 12, 2023</u>.

(d)     The following specific problems have created a hindrance to settlement of this case.

The parties are still collecting the facts and evaluating the merits of the case.

14.     **Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a)     The parties (__) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this ____day __, of 20_.

(b)     The parties (_X_) do not consent to having this case tried before a magistrate judge of this Court.

*[SIGNATURE PAGE FOLLOWS]*

Page 15 of 16
Brian Morris, et al. v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (N.D. Ga.) No. 2:23-CV-00143-SCJ
Joint Preliminary Report and Discovery Plan

Dated: October 5, 2023

By: */s/ Sean Short*  
    Sean Short, Esq.  
    Sanford Law Firm, PLLC  
    Kirkpatrick Plaza  
    10800 Financial Centre Pkwy, Ste. 510  
    Little Rock, Arkansas 72211  
    Telephone: (501) 221-0088  
    Facsimile: (888) 787-2040  
    Sean@sanfordlawfirm.com

By: */s/ Jeremy R. Handschuh*  
    Jeremy R. Handschuh, Esq.  
    Mitchell-Handschuh Law Group, LLC  
    3390 Peachtree Road, Ste. 520  
    Atlanta, Georgia 30326  
    Telephone: (404) 262-9488  
    Facsimile: (404) 262-3774  
    Jeremy@m-hlawgroup.com

*Counsel for Defendants certify that this document complies with N.D.Ga. L.R. 5.1B and the N.D.Ga. Standing Order No. 04-01.*