# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | |
|---|---|
| BRIAN MORRIS ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> 316 TOWING & ROAD SERVICE, ) <br> INC., and MAKSIM LISOVSKIY ) <br> ) <br> Defendants. ) | Civil Action File No: 2:23-CV-00143-SCJ <br><br> **JURY TRIAL DEMANDED** |

## DEFENDANTS' INITIAL DISCLOSURES

**(1) If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.**

Defendants are properly identified and will accept amended summons and complaint if necessary.

**(2) Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.**

None.

**(3) Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.**

A. Maksim Lisovskiy ("Lisovskiy") is the owner of 316 Towing & Road

Service, Inc. ("316 Towing").  316 Towing is a motor carrier whose employees are subject to the jurisdiction of the Secretary of Transportation.  Defendant 316 Towing is exempt under the Motor Carrier ("M.C.A.") exemption to the overtime provisions of the Fair Labor Standards Act ("F.L.S.A."), 29 U.S.C. § 203, *et seq*. Plaintiff was similarly subject to the jurisdiction of the Secretary of Transportation during the time that he worked for Defendant 316 Towing, and falls within the M.C.A. exemption to the overtime provisions of the F.L.S.A.

   B. Alternatively, to the extent that 316 Towing or Plaintiff were not engaged in interstate commerce, 316 Towing is not a covered entity and Plaintiff is not a covered employee under the F.L.S.A. Further, 316 Towing's annual gross volume of sales made or business done did not exceed $500,000.00 during any year that Plaintiff worked for 316 Towing.

   C. Plaintiff entered into an Independent Contractor and Lease Agreement with Defendant 316 Towing under which Plaintiff would perform towing and roadside services for 316 Towing's customers in exchange for an agreed-upon flat rate per week. The Agreement specifically defines the relationship between 316 Towing and Plaintiff as that of a contractor and independent contractor.

   D. Plaintiff performed work for Defendant 316 Towing for approximately one (1) month in 2021.  During that time, Plaintiff was not required to report to any

office or location belonging to Defendant 316 Towing, but accepted or rejected dispatch calls from Defendant 316 Towing at his discretion. Plaintiff sent Defendant 316 Towing weekly invoices for his services. Over the period that Plaintiff performed services for Defendant 316 Towing's customers under the Agreement, he failed to work in excess of forty (40) hours per week, including time spent traveling to customers.

  E. This matter is the proper subject of binding arbitration. The Agreement specifically provides that all disputes arising under the Agreement will be "submitted to mediation followed by binding arbitration . . ."

  F. Plaintiff filed his Complaint on June 27, 2023. Plaintiff worked for Defendant 316 Towing from approximately May 12, 2021 through June 19, 2021. Plaintiff's claims are barred by the statute of limitations.

**(4) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.**

  A. The Fair Labor Standards Act, 29 U.S.C.A. §§ 201, *et seq.* (the "F.L.S.A.");

  B. 29 U.S.C.A. § 255, which sets for the statute of limitations to assert claims under the F.L.S.A.;

  C. The Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.*, 9 U.S.C. §§ 201, *et*

*seq.*, and 9 U.S.C. §§ 301, *et seq*. (collectively, the "F.A.A.");

    D.    The Georgia Arbitration Code, O.C.G.A. §§ 9-9-1, *et seq*. (the "G.A.C.");

    E.    The Motor Carrier Act, 49 U.S.C.A. §§ 301, *et seq.*, (the "M.C.A."); and

    F.    The M.C.A. Exemption to the F.L.S.A., 29 U.S.C.A. § 213(b)(1)

**(5) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)**

See Attachment A.

**(6) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Initial Disclosures as Attachment B.)**

None.

**(7) Provide a copy of, or description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)**

See Attachment C.

**(8) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)**

Attorney fees and costs, the sum total of which is dependent upon the unfolding circumstances of this litigation.

**(9) If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.**

None.

**(10) Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)**

None.

[*SIGNATURE PAGE FOLLOWS*]

Respectfully submitted this 5th day of October 2023.

|  |  |
|---|---|
| MITCHELL - HANDSCHUH<br>LAW GROUP<br>3390 Peachtree Road, NE, Suite 520<br>Atlanta, Georgia 30326<br>T: (404) 262 - 9488<br>F: (404) 231 - 3774<br>E: jeremy@m-hlawgroup.com<br>E: amanda@m-hlawgroup.com | /s/ Jeremy R. Handschuh<br>Jeremy R. Handschuh, Esq.<br>Georgia Bar No. 418099<br>Amanda I. Elliott, Esq.<br>Georgia Bar No. 137633<br>*Counsel for Defendants* |

*Counsel for the Defendants certifies that this document complies with N.D.Ga. L.R. 5.1B and the N.D.Ga. Standing Order No. 04-01.*

## ATTACHMENT A

Maksim Lisovskiy, who may be contacted through the undersigned counsel.

Eli Kudrin, who may be contacted through the undersigned counsel.

# ATTACHMENT C

316 Towing and Road Service's Pre-Contract Questionnaire

Independent Contractor and Lease Agreement between Plaintiff and 316 Towing.

Invoices from Plaintiff to 316 Towing.

Towbook Reports for Plaintiff reflecting precise amount of time under dispatch.

Correspondence between Plaintiff and 316 Towing.

Financial records of 316 Towing (subject to entry to Confidentiality Order)

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## GAINESVILLE DIVISION

| | |
|---|---|
| BRIAN MORRIS ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action File No: 2:23-CV-00143-SCJ |
| ) | |
| 316 TOWING & ROAD SERVICE, ) | **JURY TRIAL DEMANDED** |
| INC., and MAKSIM LISOVSKIY ) | |
| ) | |
| Defendants. ) | |

## **CERTIFICATE OF SERVICE**

Pursuant to Local Rule 5.4, I hereby certify that on this day, Thursday, October 5, 2023, I have caused to serve true and correct copies of the documents listed below:

1.  DEFENDANTS' INITIAL DISCLOUSURES; and

2.  this CERTIFICATE OF SERVICE;

with the Clerk of Court using the CM/ECF system or via email to the following attorneys of record:

Matthew W. Herrington, Esq.
DELONG, CALDWELL, BRIDGERS FITZPATRICK & BENJAMIN, LLC
Matthew.herrington@dcbflegal.com
*Local Counsel for Plaintiff*

Sean Short, Esq.<br>
SANFORD LAW FIRM, PLLC<br>
sean@sanfordlawfirm.com<br>
*Lead Counsel for Plaintiff*

Respectfully submitted this 5th day of October 2023.

| | |
|---|---|
| | /s/ Jeremy R. Handschuh |
| MITCHELL - HANDSCHUH | Jeremy R. Handschuh, Esq. |
| LAW GROUP | Georgia Bar No. 418099 |
| 3390 Peachtree Road, NE, Suite 520 | Amanda I. Elliott, Esq. |
| Atlanta, Georgia 30326 | Georgia Bar No. 137633 |
| T: (404) 262 - 9488 | *Counsel for Defendants* |
| F: (404) 231 - 3774 | |
| E: jeremy@m-hlawgroup.com | |
| E: amanda@m-hlawgroup.com | |

*Counsel for Defendants certify that this document complies with N.D.Ga. L.R. 5.1B and the N.D.Ga. Standing Order No. 04-01.*