IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

**BRIAN MORRIS**                                                            **PLAINTIFF**

vs.                                            No. 2:23-cv-143-RWS

**316 TOWING & ROAD SERVICE, INC.,**                     **DEFENDANTS**
**and MAKSIM LISOVSKIY**

<u>**PLAINTIFF'S INITIAL DISCLOSURES**
**PURSUANT TO RULE 26(a)(1)**</u>

Plaintiff Brian Morris ("Plaintiff"), by and through his attorney Sean Short of the Sanford Law Firm, PLLC, hereby submits the following Initial Disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1):

**(1)     State precisely the classification of the cause of action being filed, a brief factual outline of the case including Plaintiff's contentions as to what Defendant did or failed to do, and succinct statement of the legal issues.**

This is an action brought by Plaintiff against Defendants for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. Defendants employed Plaintiff from June 2020 until November 2021 as a Driver. Plaintiff was classified as an independent contractor and exempt from the overtime requirements of the FLSA; Defendants paid Plaintiff a salary at a set weekly rate.

Page 1 of 7
Brian Morris v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (N.D. Ga.) No. 2:23-cv-143-RWS
Plaintiff's Initial Disclosures Pursuant to Rule 26(a)(1)

Plaintiff is entitled to wages and compensation based on the standard minimum wage for all hours worked and 1.5x his regular hourly rate for hours worked over 40 each week. Defendants knew or showed reckless disregard for whether the way they paid Plaintiff violated the FLSA.

**(2)  Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which Plaintiff contends are applicable to this action.**

- The Fair Labor Standards Act, 29 U.S.C. § 201, et seq. (the "FLSA"), and attendant regulations at 29 C.F.R. §516, et seq. are applicable to this action, as well as any case law interpreting those provisions. Specifically, the economic realities test will be applicable to prove Plaintiff was an employee rather than an independent contractor.

**(3)  The name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information.**

See attachment A.

**(4)  Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in the Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule.**

Plaintiff does not anticipate the use of expert witnesses in this matter.

Page 2 of 7
Brian Morris v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (N.D. Ga.) No. 2:23-cv-143-RWS
Plaintiff's Initial Disclosures Pursuant to Rule 26(a)(1)

**(5)  A copy of, or a description by category and location, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment.**

Most relevant documents Plaintiff intends to use to support his claims are in the possession of Defendants. They include, but are not limited to, payroll records, personnel files, handbooks, training materials, memoranda from Defendants, correspondence, to-do lists, time sheets, towbook reports, invoices, emails and other documents related to the issues raised in this case. Plaintiff will continue searching for any relevant documents throughout the litigation and, should any be discovered, will supplement these disclosures as necessary.

**(6)  A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered.**

Damages in this case have not yet been calculated; however, the categories of damages are as follows: Unpaid overtime wages; pre-judgment interest; post-judgment interest; liquidated damages; court costs; and a reasonable attorney's fee. Plaintiff will timely supplement these disclosures with a calculation of damages.

Page 3 of 7
Brian Morris v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (N.D. Ga.) No. 2:23-cv-143-RWS
Plaintiff's Initial Disclosures Pursuant to Rule 26(a)(1)

**(7)** **For inspection and copying as under Rule 34, any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

Plaintiff is unaware of any such insurance.

**(8)** **Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in Plaintiff's cause of action and state the basis and extent of such interest.**

- N/A.

Page 4 of 7
Brian Morris v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (N.D. Ga.) No. 2:23-cv-143-RWS
Plaintiff's Initial Disclosures Pursuant to Rule 26(a)(1)

Respectfully submitted,

**PLAINTIFF BRIAN MORRIS**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Sean Short*
Sean Short
Ark. Bar No. 2015079
sean@sanfordlawfirm.com

***LEAD COUNSEL FOR PLAINTIFF***
*Admitted Pro Hac Vice*

DELONG, CALDWELL, BRIDGERS,
FITZPATRICK & BENJAMIN
101 Marietta Street, Suite 2650
Atlanta, Georgia 30303
Telephone: (404) 979-3150

Matthew W. Herrington
Ga. Bar No. 275411
matthew.herrington@dcbflegal.com

***LOCAL COUNSEL FOR PLAINTIFF***

Page 5 of 7
Brian Morris v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (N.D. Ga.) No. 2:23-cv-143-RWS
Plaintiff's Initial Disclosures Pursuant to Rule 26(a)(1)

## CERTIFICATE OF SERVICE

  I, Sean Short, do hereby certify that a true and correct copy of the foregoing was served via email on October 20, 2023, to the attorneys listed below:

Jeremy R. Handschuh, Esq.
Amanda I. Elliot, Esq.
MITCHELL – HANDSCHUH LAW GROUP
3390 Peachtree Road, NE, Suite 520
Atlanta, Georgia 30326
Telephone: (404) 262-9488
Facsimile: (404) 231-3774
jeremy@m-hlawgroup.com
amanda@m-hlawgroup.com

           */s/ Sean Short*
           **Sean Short**

Page 6 of 7
Brian Morris v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (N.D. Ga.) No. 2:23-cv-143-RWS
Plaintiff's Initial Disclosures Pursuant to Rule 26(a)(1)

## Attachment A

A. Plaintiff, who may be contacted only through counsel, regarding liability and damages.

B. Individuals listed in the Initial Disclosure Statements by Defendants; Defendants are aware of the contact information and knowledge of the persons identified in their disclosures.

C. Any and all witnesses named by Defendants in any context during this litigation. Defendants should have the contact information and know the subjects of the information associated with such witnesses.

D. As other individuals having knowledge of relevant facts or expert opinions become known to Plaintiff, Plaintiff will timely supplement these Disclosures or otherwise identify such individuals in the course of discovery.

Page 7 of 7
Brian Morris v. 316 Towing & Road Service, Inc., et al.
U.S.D.C. (N.D. Ga.) No. 2:23-cv-143-RWS
Plaintiff's Initial Disclosures Pursuant to Rule 26(a)(1)